Douglas W. Dal Cielo, (SBN 157109)
E-mail: ddalcielo@bwslaw.com
Brian M. Affrunti, (SBN 227072)
E-mail: baffrunti@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
545 Middlefield Road, Suite 180
Menlo Park, CA 94025-3471
Tel: 650.327.2672   Fax: 650.688.8333

Attorneys for Plaintiff
LYNDA JANES DANGERFIELD

FILED

2009 SEP 18 P 1:23

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LYNDA JANES DANGERFIELD,

Plaintiff,

v.

SUE FOX, and ETIQUETTE SURVIVAL LLC and DOES 1 through 50,

Defendants.

Case No. C09 04397

**COMPLAINT FOR FRAUD, BREACH OF WRITTEN AGREEMENT, COPYRIGHT INFRINGEMENT, AND INVASION OF PRIVACY; AND INJUNCTIVE RELIEF**

**DEMAND FOR JURY TRIAL**

Plaintiff LYNDA JANES DANGERFIELD alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Act of October 19, 1976, Title I § 101, *90 Stat. 2541; 17 U.S.C. § 501*; and this court has jurisdiction under the Act of June 25, 1948, c. 646, *62 Stat. 931; 28 U.S.C. § 1338*, as hereinafter more fully appears.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred within the geographic region of this District.

**INTRADISTRICT ASSIGNMENT**

4. Since this action arises from a violation of Act of October 19, 1976, Title I § 101, *90 Stat. 2541; 17 U.S.C. § 501*, this action is subject to district-wide assignment pursuant to Northern District of California Civil Local Rule 3-2(c).

**THE PARTIES**

5. Plaintiff LYNDA JANES DANGERFIELD is an individual and legal resident of the State of California.

6. Defendant SUE FOX is an individual and legal resident of the State of California and is a member of Defendant ETIQUETTE SURVIVAL, LLC.

7. Defendant ETIQUETTE SURVIVAL, LLC is a California Limited Liability Company with its principal place within the State of California. Plaintiff is informed and believe, and thereon alleges, ETIQUETTE SURVIVAL, LLC is an unincorporated association consisting of one member, Defendant SUE FOX.

8. Plaintiff does not know the true names and capacities, whether individual, corporate, associate or otherwise of the other Defendants sued herein as DOES 1 through 50 and, therefore, sues them by those fictitious names. Plaintiff is informed and believe, and on the basis of that information and belief allege, that each fictitiously-named Defendant, and each of them, were contractually, negligently, fraudulently or otherwise in some manner legally responsible for each of the acts, omissions, events or occurrences alleged herein and that Plaintiff's damages are the direct and proximate result of said acts, omissions, events or occurrences. The names, capacities and relationships of DOES 1 through 50 will be alleged by amendment to this Complaint when they become known.

9. Plaintiff is informed and believe, and thereon allege, that there exists, and at all times herein mentioned existed, a unity of interest and ownership between Defendants such that all individuality and separation ceased and each Defendant became the alter-ego of the other Defendants.

10. Plaintiff is informed and believe, and thereon allege, that Defendants are, and at all times herein mentioned were, so inadequately capitalized that, compared to the business to be

1 done by them and where such business was being conducted in relation to the LLC and the risk of
2 loss attendant thereto, the available capital of the entity was trifling. Legal formalities and
3 obligations were disregarded such that the separate identity of the entity ceased to exist and such
4 entity became the alter ego of the Defendant, and vice versa.

5     11. Adherence to the fiction of any separate existence of Defendants as distinct entities
6 apart from the other Defendants would permit an abuse of the corporate privilege so as to
7 sanction a fraud or promote injustice.

8     12. Plaintiff is informed and believe, and thereon allege that Defendants, and each of
9 them, were, at all times mentioned in this Complaint agents and employees of the other
10 Defendant(s), and in performing the acts alleged in this Complaint, were acting in the course and
11 scope of such agency and employment.

## GENERAL ALLEGATIONS

13     13. Prior to June 25, 2008, Plaintiff LYNDA JANES DANGERFIELD, who then was
14 and ever since has been a citizen of the United States, created, scripted, produced, hosted and
15 recorded an original set of videos of seminars in etiquette, entitled "Etiquette Survival Kit for
16 Adults," "Etiquette Survival Kit for Teens; Etiquette… I can't even spell it." and "A Place At The
17 Table. Table Setting Instructions from Formal to Casual." (hereinafter the "Etiquette Videos").

18     14. These Etiquette Videos contain material wholly original with Plaintiff and is
19 copyrightable subject matter under the laws of the United States.

20     15. Between February 1, 1998 and June 25, 2008, Plaintiff complied in all respects
21 with the Act of October 19, 1976, Title I § 101, *90 Stat. 2541; 17 U.S.C. §§ 401-412*, and all
22 other laws governing copyright and secured the exclusive rights and privileges in and to the
23 copyright of the above-entitled work, and received from the Register of Copyrights a certificate of
24 registration, dated and identified as follows: "June 25, 2008, No. PA 1-621-987," "June 25, 2008,
25 No. PA 1-621-982" and "June 25, 2008, No. PA 1-621-983."

26     16. Since June 25, 2008, the Etiquette Videos have been produced by Plaintiff and all
27 copies of the Etiquette Videos were made by Plaintiff or under her authority and in strict
28 conformity with the provisions of the Act of October 19, 1976, Title I § 101, *90 Stat. 2541* and all

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
MENLO PARK

MP #4840-9087-9748 v1 | - 3 - | COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 other laws governing copyright.

2     17.    Since June 25, 2008, Plaintiff has been and still is the sole proprietor of all rights,
3 title, and interest in and to the copyright in the Etiquette Videos. Copies of Plaintiff's Copyright
4 Registration for the Etiquette Videos are attached hereto as <u>Exhibit 1</u>.

5     18.    In December of 1997, Plaintiff LYNDA JANES DANGERFIELD and Defendant
6 SUE FOX formed a California Limited Liability Company named ESK Publishing Group, LLC
7 ("ESK"). Plaintiff LYNDA JANES DANGERFIELD had a 1/6 membership interest in ESK,
8 and Defendant SUE FOX held a 1/6 membership interest in ESK. ESK's other members were
9 Lambert & Landers, Inc. and Kenneth Rainin. ESK operated pursuant to an Operating
10 Agreement attached hereto as <u>Exhibit 2</u> (the "Operating Agreement"). ESK was in the business
11 of promoting, selling, and distributing etiquette related videotapes and materials, including the
12 Etiquette Videos.

13     19.    In late 2002, unbeknownst to Plaintiff LYNDA JANES DANGERFIELD at the
14 time, Defendant SUE FOX "kicked out" Plaintiff LYNDA JANES DANGERFIELD from ESK,
15 however Defendant SUE FOX continued to communicate to Plaintiff LYNDA JANES
16 DANGERFIELD that Plaintiff LYNDA JANES DANGERFIELD still held her 1/6 membership
17 interest in ESK.

18     20.    In or around December 2007, Plaintiff LYNDA JANES DANGERFIELD
19 discovered that Defendant SUE FOX was affiliated with Defendant ETIQUETTE SURVIVAL
20 LLC.

21     21.    Defendant ETIQUETTE SURVIVAL LLC is also in the business of promoting,
22 selling, and distributing etiquette related videotapes and materials, including the Etiquette Videos
23 and a DVD compilation of the Etiquette Videos, titled "Dining & Social Skills for Adults &
24 Teens" (hereinafter "Etiquette DVD"). The Etiquette Videos and Etiquette DVD are also used in
25 relation to business opportunities pursued by Defendants including, but not limited to, promoting
26 and marketing franchise opportunities and etiquette workshops.

27 //
28 //

## FIRST CAUSE OF ACTION

### (Fraud Against Defendant Sue Fox)

22. Plaintiff incorporates by reference paragraph 1 through 21, as though fully set forth herein.

23. During several telephone conversations after 2002, Defendant SUE FOX falsely and fraudulently represented to Plaintiff LYNDA JANES DANGERFIELD that Plaintiff continued to hold a 1/6 membership interest in ESK.

24. Those representations by Defendant SUE FOX were in fact false. In fact, Defendant SUE FOX had caused Plaintiff's membership interest in ESK to be revoked, such that as of late 2002, Plaintiff LYNDA JANES DANGERFIELD was no longer a member of ESK. Plaintiff did not learn that she had been removed as a member of ESK and that Defendant SUE FOX had started a new company, Etiquette Survival, LLC until December 2007, or thereafter.

25. At the time the representations were made by Defendant SUE FOX, Plaintiff LYNDA JANES DANGERFIELD was ignorant of the falsity of the representations and believed them to be true. In reliance on these representations, Plaintiff was not aware that her Etiquette Videos were no longer distributed by ESK but that Defendants, and each of them, were promoting, selling, and placing on the market through another company, Etiquette Survival LLC, the Etiquette Videos and Etiquette DVD which were all copied directly from Plaintiff's Etiquette Videos.

26. Furthermore, Defendants, and each of them, continued to make further false representations as alleged above, on which Plaintiff continued to rely, such that she was not aware that her Etiquette Videos were no longer distributed by ESK but that Defendants, and each of them, were promoting, selling, and placing on the market, through Etiquette Survival, LLC, the Infringing Videos which were copied directly from Plaintiff's Etiquette Videos.

27. As a direct and proximate result of Defendants' fraud and intentional misrepresentations, Plaintiff has been damaged and is entitled to compensation in an amount to be determined according to proof, in an amount in excess of the minimum jurisdiction requirements of this Court. Such damages include, but are not limited to, substantial amounts representing the

1 revenues gained by Defendants while promoting, selling, and placing on the market the Etiquette
2 Videos and Etiquette DVD which were copied directly from Plaintiff's Etiquette Videos and
3 otherwise used the Etiquette Videos and Etiquette DVD in furtherance of business opportunities
4 of ETIQUETTE SURVIVAL, LLC, including, but not limited to, franchising opportunities and
5 etiquette workshops.

6     28.    The acts of Defendant SUE FOX described herein were done with a conscious
7 disregard of Plaintiff's rights and with a specific intent to defraud and injure Plaintiff, so as to
8 constitute fraud, oppression, and malice under California Civil Code section 3294. By virtue of
9 Defendant SUE FOX' willful and wrongful conduct, Plaintiff is entitled to punitive and
10 exemplary damages as determined by the court.

## SECOND CAUSE OF ACTION

**(Breach of Written Contract Against Defendant Sue Fox)**

13     29.    Plaintiff incorporates by reference paragraph 1 through 28, as though fully set
14 forth herein.

15     30.    Pursuant to Section 3.3 of the Operating Agreement, Plaintiff LYNDA JANES
16 DANGERFIELD owned a 1/6th membership interest in ESK.

17     31.    Pursuant to Section 8.3 of the Operating Agreement, "no Member shall sell,
18 transfer, assign, syndicate, pledge or otherwise dispose of or encumber any interest in the
19 Company without the prior written consent of the Members..."

20     32.    Plaintiff LYNDA JANES DANGERFIELD performed at all times according to the
21 terms of the Operating Agreement and never provided written consent to transfer her membership
22 interest in ESK.

23     33.    In violation of the Operating Agreement, Defendant SUE FOX breached the
24 Operating Agreement by revoking Plaintiff LYNDA JANES DANGERFIELD's membership
25 interest without complying with the terms of the Operating Agreement.

26     34.    As direct and proximate result of Defendant SUE FOX's breach of the Operating
27 Agreement, Plaintiff has been damaged and is entitled to compensation in an amount to be
28 determined according to proof, in an amount in excess of the minimum jurisdiction requirements

of this Court.

## THIRD CAUSE OF ACTION

### (Copyright Infringement Against All Defendants)

35. Plaintiff incorporates by reference Paragraphs 1 through 34, as though fully set forth herein.

36. After June 25, 2008, Defendants SUE FOX and ETIQUETTE SURVIVAL LLC infringed Plaintiff's copyright by producing and placing on the market videos entitled "'It's A Jungle Out There!' Dining & Social Skills for Adults," "'Etiquette… I can't even spell it' Dining & Social Skills for Teens," "A Place at the Table. Proper Table Settings," and "Dining and Social Skills for Adults and Teens and Proper Table Settings," which combines all three other videos (together, the "Infringing Videos"). All of the prior mentioned videos were copied directly from Plaintiff's Etiquette Videos. A copy of Defendants' Infringing Videos are attached hereto as Exhibit 3.

37. Plaintiff has notified Defendants SUE FOX and ETIQUETTE SURVIVAL, LLC that Defendants have infringed the copyrights of Plaintiff, and Defendants have continued to infringe the copyrights.

38. After June 25, 2008, and continuously since June 25, 2008, Defendants have been producing and placing on the market the Infringing Videos and has thereby engaged in unfair trade practices and unfair competition against Plaintiff to Plaintiff's irreparable damage.

39. Plaintiff did not learn of the infringement, unfair trade practices and unfair competition until December 2007, or thereafter.

## FOURTH CAUSE OF ACTION

### (Violation of Right To Privacy Against All Defendants)

40. Plaintiff incorporates by reference Paragraphs 1 through 39, as though fully set forth herein.

41. After June 25, 2008, and continuously since June 25, 2008, Defendants, without Plaintiff's consent, invaded Plaintiff's right to privacy by promoting, selling and distributing the Etiquette Videos containing Plaintiff's name and likeness.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
MENLO PARK

MP #4840-9087-9748 v1 | - 7 - | COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

42. A copy of the video sold on Defendants' website entitled "A Place At The Table" contains a photograph of Plaintiff on the front cover. (Exhibit 3.)

43. Plaintiff is informed and believes that while Defendants have changed the covers on the remaining Etiquette Videos, the content of the videos still contain Plaintiff's name and likeness.

44. Defendants' conduct involved the appropriation of Plaintiff's name and/or likeness and was done without authorization from Plaintiff and without Plaintiff's consent.

45. The appropriation was for Defendants advantage in that it was for Defendant's pecuniary gain and profit.

46. As direct and proximate result of the conduct alleged herein, Plaintiff has been damaged and is entitled to compensation in an amount to be determined according to proof, in an amount in excess of the minimum jurisdiction requirements of this Court.

47. In making the disclosure described above, Defendant SUE FOX was guilty of oppression, fraud, or malice, in that Defendant SUE FOX made the disclosure with a willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

48. Defendants have threatened to continue disclosing the above information and have refused to stop promoting, selling and distributing the Etiquette Videos. Unless and until enjoined and restrained by order of this court, Defendants' continued promoting, selling, and distributing of the Etiquette Videos will cause Plaintiff great and irreparable injury. Plaintiff has no adequate remedy at law for the injuries being suffered through the continued appropriation of her name and likeness and a judgment for monetary damages will not end the invasion of Plaintiff's privacy.

### PRAYER

WHEREFORE, Plaintiff demands judgment as follows:

**As to the First Cause of Action:**

1. Damages in an amount to be determined at trial;

2. Restitution of moneys wrongfully obtained from Plaintiffs, in an amount to be determined at trial;

1      3.    An accounting of all amounts that Defendants have wrongfully obtained from Plaintiffs;

3      4.    Punitive damages in the amount to be determined at trial; and

4      5.    Such further relief as the Court deems just and proper.

**As to the Second Cause of Action:**

1. Damages in an amount to be determined at trial;

2. Restitution of moneys wrongfully obtained from Plaintiffs, in an amount to be determined at trial;

3. An accounting of all amounts that Defendants have wrongfully obtained from Plaintiffs; and

4. Such further relief as the Court deems just and proper.

**As to the Third Cause of Action:**

1. That Defendants, her agents and its agents, and servants be enjoined during the pendency of this action and permanently from infringing the copyright of Plaintiff in any manner, and from publishing, selling, marketing, or otherwise disposing of any copies of the Etiquette Videos;

2. That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of Plaintiff's copyright and the unfair trade practices and unfair competition, and to account for:

    a.    All gains, profits, and advantages derived by Defendants by said trade practices and unfair competition; and

    b.    All gains, profits, and advantages derived by Defendants by her and/or its infringement of Plaintiff's copyright or such damages as the court shall deem proper within the provisions of the copyright statutes, but not less than $250;

3. That Defendants deliver up to be impounded during the pendency of this action all copies of the Etiquette Videos in her and/or its possession or under her and/or its control and deliver up for destruction all infringing copies and all plates, molds, and other matter for making such infringing copies;

1      4.     That Defendants pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed to the Plaintiff by the court;

2  

3      5.     That Defendants pay to Plaintiff pre-judgment interest; and

4      6.     Such further relief as the Court deems just and proper.

**As to the Fourth Cause of Action:**

1. Damages in an amount to be proven at trial;
2. For exemplary or punitive damages;
3. For a preliminary injunction and a permanent injunction enjoining Defendants and her agents and its agents, servants, and employees, and all such persons acting under, in concert with, or for her and it from continuing to produce and distribute the Etiquette Videos;
4. That Defendants pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed to the Plaintiff by the court; and
5. Such further relief as the Court deems just and proper.

Dated: September 18, 2009

Burke, Williams & Sorensen, LLP

By: _____
DOUGLAS W. DAL CIELO
Attorneys for Plaintiff
LYNDA JANES DANGERFIELD

**DEMAND FOR JURY TRIAL**

Plaintiff LYNDA JANES DANGERFIELD hereby demands trial by jury.

Dated: September 18, 2009

Burke, Williams & Sorensen, LLP

By: _____
DOUGLAS W. DAL CIELO
Attorneys for Plaintiff
LYNDA JANES DANGERFIELD