David P. Morales, SBN 191229
THE MORALES LAW FIRM
560 S. Winchester Blvd., Suite 500
San Jose, CA 95128
Telephone: (408) 850-2101
Facsimile: (866) 406-6080
dmorales@moraleslawfirm.com

Attorney for Defendants and Cross-Claimant

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| LYNDA JANES DANGERFIELD, | Civil Action No.: 3:09-CV-04397 JL |
| Plaintiff, | [STIPULATED] PROTECTIVE ORDER |
| vs. | |
| SUE FOX; and ETIQUETTE SURVIVAL LLC, | |
| Defendants. | |
| AND RELATED CROSS-CLAIM. | |

All parties to the above-captioned Action having agreed that a protective order pursuant to Federal Rule of Civil Procedure 26(c) is both necessary and appropriate, and the United States District Court for the Northern District of California ("Court") having approved such an agreement.

**IT IS HEREBY ORDERED** all parties to this Action are to be bound by the following Protective Order for the protection of confidential information, documents, and other things produced, served, or otherwise provided in this Action by the parties or by third parties.

/ / /

A.    **Designated Material**

1.    Information, materials and/or discovery responses may be designated as being protected under this Protective Order by the person or entity producing or lodging it, or by any party to this Action, (hereinafter, the "Designating Party") if: (a) produced or served, formally or informally, or pursuant to the Federal Rules of Civil Procedure in response to any formal or informal discovery request or disclosure obligation in this Action; (b) filed or lodged with the Court; and/or (c) filed or lodged with a magistrate judge, special master and/or discovery master or referee, and/or mediator or other alternative dispute resolution provider.  All such information and material and extracts, compliations and copies and all information or material derived therefrom constitutes "Designated Material" which includes materials designated "CONFIDENTIAL" and/or "ATTORNEYS AND CONSULTANTS ONLY" under this Protective Order.  Unless and until otherwise ordered by the Court upon 35 days notice or agreed to in writing by the parties, all material designated under this Protective Order shall be used only for purposes of this Action (including any and all appeals), and shall not be used or disclosed or communicated by any person or entity receiving the Designated Material except as provided under the terms of this Protective Order. (For purposes of this Protective Order, "disclose," "disclosed," or "disclosure" means to show, furnish, discuss, or otherwise communicate or provide any portion of the Designated Material or its contents, whether orally or in written communication, including the original or a copy, summary or derivative of the Designated Material.)

2.    Subject to the limitations set forth in this Protective Order, Designated Materials may be marked "CONFIDENTIAL" for the purposes of avoiding disclosure of information, whether or not embodied in any physical medium, the Designating Party in good faith believes is confidential or sensitive, which (a) the Designating Party would not normally reveal to third parties except in confidence, (b) the Designating Party has undertaken with others to maintain in confidence, (c) is privileged, (d) is not legally permitted to be disclosed and/or (e) is protected by the right to privacy guaranteed by the Federal Constitution or any applicable State law or Constitution.

1    3.    Subject to the limitations set forth in this Protective Order, a designation of
2  "ATTORNEYS AND CONSULTANTS ONLY" means information, whether or not embodied in
3  any physical medium, which the Designating Party believes in good faith has significant
4  competitive value and which, if disclosed to the requesting party, or any person or entity not
5  bound by a written non-disclosure agreement or confidentiality agreement, or other legal
6  obligation, would cause competitive harm to the Designating Party.  Such information must not be
7  generally known to third parties or the public and is limited to information that (a) the Designating
8  Party would not normally reveal to third parties except in confidence, (b) the Designating Party
9  has undertaken with others to maintain in confidence, (c) is privileged, (d) is not legally permitted
10  to be disclosed and/or (e) is protected by the right to privacy guaranteed by the Federal
11  Constitution or any applicable State law or Constitution.

12    4.    Blanket designation of documents or information as "CONFIDENTIAL" or
13  "ATTORNEYS AND CONSULTANTS ONLY," *en masse*, and/or designation without regard to
14  the specific contents of each document or piece of information, is prohibited.

15  B.    **Access to Designated Materials**

16    1.    Materials designated "CONFIDENTIAL" may be disclosed only to the following,
17  provided, except for the Court and Court personnel, such person has first read and represents that
18  s/he understands this Protective Order and has read and executed the certification attached hereto
19  as Exhibit A, and in the case of Outside Consultants has read and executed both certifications
20  attached hereto as Exhibits A and B.

21    (a)    Persons who appear on the face of Designated Materials marked
22  "CONFIDENTIAL" as an author, addressee, or recipient thereof and any Outside Counsel of such
23  author, addressee or recipient that has become counsel of record in this Action, and has agreed to
24  the terms of this Protective Order and to be subject to the jurisdiction of this Court for the
25  purposes of enforcing the rights and obligations contained in, and remedies arising, from this
26  Protective Order.  Any such review of materials designated CONFIDENTIAL pursuant to this
27  Protective Order must be in the presence of and under the supervision of Outside Counsel and all

28

1   originals and any copies shall remain exclusively in the possession of Outside Counsel. Further,
2   any written notes, compilations or reviews of materials designated CONFIDENTIAL made by
3   persons falling under this subsection shall remain in the possession of Outside Counsel;

4          (b)    "Outside Counsel," which are defined as counsel of record for the parties to
5   this Action, including the partners, associates, agents and employees of counsel of record (except
6   for agents who have been retained or employed by Outside Counsel as Outside Consultants to
7   assist in the preparation of this Action, whose access is addressed in Section B.1.(c) below) to the
8   extent reasonably necessary to render professional services in this Action. Unless otherwise
9   expressly provided through stipulation or order, Outside Counsel shall include only the law firms
10  of BURKE, WILLIAMS & SORENSEN, LLP on behalf of LYNDA JANES DANGERFIELD
11  and DAVID P. MORALES, ESQ., THE MORALES LAW FIRM on behalf of SUE FOX and
12  ETIQUETTE SURVIVIAL, LLC. Upon the filing of a document associating or substituting
13  counsel as counsel of record for a party in this Action, such counsel shall also qualify as Outside
14  Counsel under this subsection, provided that any counsel that has withdrawn as counsel of record
15  for any party confirms in writing to all other counsel of record that it, including its partners,
16  associates, agents, and other employees, is no longer in possession of any Designated Material,
17  with the exception of pleadings, attorney and consultant work product, deposition transcripts and
18  exhibits containing Designated Material, as well as one copy of each item of Designated Material
19  for archival purposes, and provided that the new Ouside Counsel of record stipulates to be bound
20  by the terms and obligations of this Protective Order.

21         (c)    "Outside Consultants," which are defined as being third party experts and
22  consultants retained or employed by Outside Counsel or the parties to this Action to assist in the
23  preparation of, and/or to provide testimony in the case, to the extent reasonably necessary to
24  render professional services in this Action, and subject to the disclosure limitations and
25  prerequisites of Section C below.

26         (d)    The parties to this Action and their officers and directors and in-house
27  counsel and legal department support staff of the parties to this Action, on a reasonably necessary

28
-4-
**PROTECTIVE ORDER**

Case No.:
09-CV-4397 JL

1  basis ("Party Designee"). In the event that any Party Designee ceases to be an officer [or] director

2  of that party, the party shall be responsible for ensuring that the Party Designee does not retain

3  and returns any CONFIDENTIAL materials;

4        (e)     Subject to Sections F and G below, Designated Material marked

5  "CONFIDENTIAL" may also be shown to witnesses at deposition and/or at trial;

6        (f)     Vendors with whom Outside Counsel of record for the parties to this Action

7  have contracted for clerical functions, such as copying of documents or preparation of exhibits;

8        (g)     Mock jurors and jury consultants who have been engaged by the parties

9  and/or the Outside Consultants in preparation for and/or during trial. For any jury research, an

10 appropriate screening process must be used to assure that the jury consultant(s) and mock jurors

11 chosen for any mock jury presentation are not current or former officers, directors, employees or

12 consultants of any party or any direct competitors of any party;

13       (h)     Any Magistrate Judge, special master and/or discovery master or referee,

14 and/or mediator or other alternative dispute resolution provider chosen by the parties or the Court,

15 along with necessary legal, paralegal, and secretarial personnel working under the direction of the

16 mediator; and

17       (i)     Independent interpreters, translators, videographers, and "Court Reporters,"

18 which means stenographers that are Certified Shorthand Reporters or have a similar certification.

19   2.   Except as authorized in this Section, materials Designated "ATTORNEYS AND

20 CONSULTANTS ONLY" may not be disclosed to the parties to this Action, to in-house counsel,

21 if any, or to the officers, directors, or employees of the parties hereto. Materials marked

22 ATTORNEYS AND CONSULTANTS ONLY may only be reviewed by or disclosed to the

23 following, provided, except for the Court and Court personnel, such person has first read and

24 understands this Protective Order and has read and executed the certification attached hereto as

25 Exhibit A, and in the case of Outside Consultants has read and executed both certifications

26 attached hereto as Exhibits A and B:

27 / / /

28

-5-
**PROTECTIVE ORDER**

Case No.:
09-CV-4397 JL

1          (a)     Persons who appear on the face of Designated Materials marked
2   ATTORNEYS AND CONSULTANTS ONLY as an author, addressee, or recipient thereof, and
3   any Outside Counsel of such author, and any Outside Counsel for any addressee or recipient that
4   has become counsel of record in this Action.   Any such review of materials designated
5   ATTORNEYS AND CONSULTANTS ONLY pursuant to this Protective Order must be in the
6   presence of and under the supervision of Outside Counsel and all originals and any copies shall
7   remain exclusively in the possession of Outside Counsel. Further, any written notes, compilations
8   or reviews of materials designated ATTORNEYS AND CONSULTANTS ONLY made by
9   persons falling under this subsection shall remain in the possession of Outside Counsel.
10  Notwithstanding anything to the contrary above, the identification of trade secrets alleged to have
11  been misappropriated by a particular party may be disclosed to persons specifically accused of
12  having had access to such Designated Materials, so long as the disclosure takes place solely in the
13  presence of Outside Counsel, the person takes no copies and is not permitted to make notes
14  reflecting such Designated Materials, and the material is retained solely in the possession of
15  Outside Counsel.

16          (b)     Outside Counsel as defined in B.1.(b) above.

17          (c)     Outside Consultants as defined in B.1.(c) above, and subject to the
18  disclosure limitations and prerequisites of Section C below;

19          (d)     Subject to Sections F and G below, Designated Material marked
20  "ATTORNEYS AND CONSULTANTS ONLY" may also be shown to witnesses at deposition
21  and/or at trial;

22          (e)     Vendors with whom Outside Counsel of record for the parties to this Action
23  have contracted for clerical functions, such as copying of documents or preparation of exhibits;
24  and

25          (f)     Mock jurors and jury consultants who have been engaged by the parties
26  and/or the Outside Consultants in preparation for and/or during trial. For any jury research, an
27  appropriate screening process must be used to assure that the jury consultant(s) and mock jurors

28                                      -6-                        Case No.:
                                                                  09-CV-4397 JL
                            **PROTECTIVE ORDER**

1  chosen for any mock jury presentation are not current or former officers, directors, employees or
2  consultants of any party or any direct competitors of any party; and any special master and/or
3  discovery master or referee, and/or mediator or other alternative dispute resolution provider
4  chosen by the parties or the Court, along with necessary legal, paralegal, and secretarial personnel
5  working under the direction of the mediator.

6       (g)    Independent interpreters, translators, videographers and Court Reporters as
7  defined in Section B.1.(i) above.

8       3.    Outside Counsel who makes any disclosure of Designated Materials to any Outside
9  Consultant shall retain each original executed certificate, promptly provide a copy to counsel who
10 has retained him/her and, upon written request, shall circulate copies to all Outside Counsel at the
11 termination of this Action.

12 C.    **Access by Outside Consultants**

13      1.    If any party wishes to disclose information or materials designated under this
14 Protective Order to any proposed Outside Consultant, the party must first identify that individual
15 to Outside Counsel and the Designating Party, who shall have 21 days from receipt of such notice
16 to object in writing to such disclosure to the proposed Outside Consultant so identified. Such
17 identification shall at least include the full name and professional address and/or affiliation of the
18 proposed Outside Consultant, his or her prior employment, consultancies and testimony for the
19 previous 3 years, including identification of the law firm, case number, venue and party on whose
20 behalf the proposed Outside Consultant was retained, a statement that the proposed Outside
21 Consultant is neither an employee or consultant nor anticipated to become an employee or
22 consultant, beyond the capacity as Outside Consultant as defined herein, of the party proposing
23 the individual, and all of the proposed Outside Consultant's other present employment or
24 consultancies in the field.

25      2.    The parties shall attempt to resolve any objections informally, and approval by any
26 objecting party shall not be unreasonably withheld. If the objections cannot be resolved
27 informally, the objecting party may, within 21 days following its objection, move for a protective

28

1  order preventing disclosure of Designated Materials to the individual. In the event that such a
2  motion is made, the objecting party seeking to prohibit disclosure shall bear the burden of proving
3  that the disclosure is inappropriate. Prior to the resolution of any such objection, the objecting
4  party's Designated Materials shall not be disclosed to the proposed Outside Consultant. Without
5  modifying any obligations under the Federal Rules of Evidence or Federal Rules of Civil
6  Procedure applicable to testifying experts, the parties shall not have any obligation under the terms
7  of this Protective Order to identify which materials are provided to Outside Consultants. The
8  disclosure of the identity of a proposed Outside Consultant shall not result in said person being
9  subject to deposition or other discovery procedure. Any depositions or other discovery procedures
10 involving any Outside Consultant shall not take place until that Outside Consultant has been
11 designated as an expert pursuant to the Federal Rule of Civil Procedure 26, applicable local rule,
12 the parties' agreement, or otherwise pursuant to order of the Court.

13      3.      Nothing contained herein shall require an Outside Consultant to disclose any
14 attorney-client privileged and/or work product doctrine information.

15      4.      Each Outside Consultant to whom any Designated Material may be disclosed
16 pursuant to the provisions in this Protective Order shall, prior to the time such Designated
17 Material is disclosed to him or her, be provided with a copy of this Protective Order and shall
18 certify under penalty of perjury that he or she has read the Protective Order and fully understands
19 its terms and agrees to be bound thereby. This certificate shall be in the form attached as Exhibit
20 A hereto. Outside Counsel who makes any disclosure of Designated Materials shall retain each
21 original executed certificate and, upon written request, shall circulate copies to all Outside
22 Counsel.

23      5.      In addition to the foregoing, each Outside Consultant to whom any Designated
24 Material will be disclosed shall, prior to disclosure of such material, execute the Certification of
25 Consultant in the form attached as Exhibit B hereto. Upon receipt of this Certification of
26 Consultant by counsel for the party retaining the Outside Consultant, and following disclosure of
27 the Outside Consultant in compliance with Section C.1 above and expiration of the period for

28

1   objection and/or for resolution of any objections as contemplated in Section C.2 above, disclosure
2   of such Designated Material may be made to the Outside Consultant without notification to the
3   Designating Party or any other party to this Action.  Outside Counsel who makes any disclosure
4   of Designated Materials shall retain each original executed Certification of Consultant and, upon
5   written request, shall circulate copies to all Outside Counsel and Designating Parties at the
6   termination of this Action.

7   D.      **Use of Designated Materials by Designating Party**

8        1.      Nothing in this Protective Order shall limit any Designating Party's use of its own
9   documents and information, nor shall it prevent the Designating Party from disclosing its own
10  confidential information or documents to any person.  Such disclosure shall not affect any
11  designations made pursuant to the terms of this Protective Order, so long as the disclosure is made
12  in a manner that is reasonably calculated to maintain the confidentiality of the information.

13       2.      Nothing in this Protective Order shall be deemed to constitute a waiver of the right
14  of a party to object to the production of documents or information based on grounds such as
15  privilege, right of privacy and/or to production of the documentation or information beyond the
16  scope of permissible discovery.

17  E.      **Maintenance of Designated Materials.**

18       1.      All Designated Materials shall be kept in secure facilities in a manner intended to
19  preserve confidentiality.  Access to those facilities and the Designated Materials shall be permitted
20  only to those persons properly permitted to have access hereunder.  The recipient of Designated
21  Materials shall use his or her best efforts, but at no time less than reasonable efforts under the
22  circumstances, to maintain the confidentiality of such information.

23       2.      Designated Materials produced pursuant to this Protective Order shall be
24  maintained by the receiving party in a manner, such as, but not limited to, physical devices such as
25  locked file cabinets, or electronic security devices such as separate, non-networked computers
26  which are not connected to the Internet and which require a special password that limits access to
27  those persons authorized to have access under this Protective Order.  Additionally, the receiving

28

1 party shall limit the number of copies of Designated Materials to that which is reasonably
2 necessary to render professional services in this Action.]

3 F.    **Procedure for Designating Materials**

4      Documents, materials and discovery responses, in whole or in part, may be designated as
5 CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY as follows:

6      1.    When producing Designated Materials, the Designating Party shall designate
7 materials by placing the plainly visible legend CONFIDENTIAL or ATTORNEYS AND
8 CONSULTANTS ONLY on each page of the materials, or physically on the outside of any media
9 containing or storing electronic documents, data, or material, prior to production.

10     2.    When a party wishes to designate as CONFIDENTIAL or ATTORNEYS AND
11 CONSULTANTS ONLY materials produced or disclosed by someone other than the Designating
12 Party, such designation shall be made:

13          (a)    Within 21 calendar days from the date that the Designating Party receives
14 copies of the materials from the producing or disclosing entity; and

15          (b)    By written notice to all parties to this Action and, if the Designating Party is
16 not a party to this Action, then to the producing or Designating Party, that identifies the materials
17 to be designated with particularity (either by production numbers or by providing other adequate
18 identification of the specific material).  Such notice shall be sent by facsimile and regular mail.

19     3.    Upon notice of designation pursuant to Section F.2 above all persons receiving
20 notice of the requested designation of materials shall:

21          (a)    Make no further disclosure of such Designated Material or information
22 contained therein, except as allowed in this Protective Order;

23          (b)    Take reasonable steps to notify any persons known to have possession of or
24 access to such Designated Materials of the effect of such designation under this Protective Order,
25 and to provide a copy of the Protective Order and undertake to have such person read and execute
26 the appropriate certifications attached hereto as Exhibits A and B;

27          (c)    Take reasonable steps to reclaim or prevent access to such Designated

28

1  Material or information in the possession or control of any person not permitted to have access
2  under the terms of this Protective Order;

3          (d)    If Designated Material is disclosed to any person other than those entitled to
4  disclosure in the manner authorized by this Protective Order, the party responsible for the
5  disclosure shall immediately upon learning of such disclosure inform the Designating Party in
6  writing of all pertinent facts relating to such disclosure and shall make reasonable effort to prevent
7  further disclosure by the unauthorized person(s). Notwithstanding the foregoing, Outside Counsel
8  are responsible for employing reasonable measures to control, consistent with this Protective
9  Order, duplication of, access to, and distribution of Designated Material. Nothing in this
10 Protective Order shall prevent a party from filing a motion with the Court seeking contempt or
11 other such relief for any violation of this Protective Order.

12 **G.**    **Procedure for Use of Designated Materials at Deposition and for Designating**
13 **Deposition Transcripts**

14     1.    Deposition transcripts or portions thereof may be designated as CONFIDENTIAL
15 or ATTORNEYS AND CONSULTANTS ONLY by a party, or third party, during deposition
16 testimony or at the completion of said deposition, on the record, taken in this Action, in which
17 case the portion of the transcript containing the Designated Material shall be identified in the
18 transcript by the Court Reporter as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS
19 ONLY. The designated testimony shall be transcribed and bound in a separate volume and
20 marked by the Court Reporter accordingly.

21     2.    Where testimony is designated at a deposition, or where Designated Materials are
22 disclosed to a witness, the Designating Party shall have the right to exclude from attendance,
23 during those portions of the deposition, all persons not authorized by the terms of this Protective
24 Order to receive such Designated Material. Materials designated ATTORNEYS AND
25 CONSULTANTS ONLY shall not be disclosed to a party during discovery, including depositions,
26 without first obtaining the written consent of the Designating Party or upon Order of Court.

27 ///

28

-11-
**PROTECTIVE ORDER**

Case No.:
09-CV-4397 JL

1       3.    Notwithstanding the provisions set forth in Sections B and C above, any party may,
2 subject to the provisions of the following paragraph, mark Designated Material as a deposition
3 exhibit and examine any witness thereon, provided that the exhibit and related transcript pages
4 receive the same confidentiality designation as the original Designated Material. Any person who
5 is shown a deposition exhibit comprised of Designated Material, but who is not otherwise entitled
6 to access to such Material under Sections B and C above, shall not be allowed (except by express
7 permission of the Designating Party) to keep a copy of the deposition exhibit, and shall not be
8 furnished a copy of such deposition exhibit when given the opportunity to review the deposition
9 transcript for accuracy following the deposition. Any such review shall take place at the offices of
10 the Court Reporter, or of Outside Counsel.

11       4.    If any Designating Party in good faith objects to having its Designated Materials
12 shown to a witness at deposition, it is entitled to have the Court rule on such objection prior to its
13 Designated Materials being shown to said witness.

14       5.    Before Designated Materials are disclosed for the first time to a witness at
15 deposition, the witness shall be advised on the record at the deposition by the examining attorney
16 of the existence of the following relevant portion of this Protective Order:

17       **The Court orders that a witness shown at deposition and/or trial any materials**
      **designated CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY**
18       **may not, absent court order, discuss with any person(s), other than those**
      **persons authorized to view the materials designated CONFIDENTIAL or**
19       **ATTORNEYS AND CONSULTANTS ONLY, any of the materials designated**
      **CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY shown to or**
20       **discussed with the witness at the deposition and/or trial. A violation of this**
21       **prohibition shall be grounds for a finding by the Court that the witness is in**
      **contempt of court.   Do you understand your obligations under this Court**
22       **Order?**

23 If the witness says that he or she does not understand the obligations of the Protective Order, then
24 Designated Materials may not be disclosed to him or her. At the conclusion of each day's
25 deposition session, prior to discharge of the Court Reporter, any Outside Counsel present at the
26 deposition may remind the witness of his or her obligations under this Protective Order.

27 / / /

28                                             -12-                    Case No.:
                                      **PROTECTIVE ORDER**          09-CV-4397 JL

1   6.  Outside Counsel for any party may, within 30 calendar days after receipt of the

2 final deposition transcript from the Court Reporter, designate in a manner that does not disclose

3 the confidential information, e.g., by page and line number and/or exhibit number, portions of the

4 deposition transcript and/or deposition exhibits as Designated Material. If any party so designates

5 such material, that Designating Party shall provide written notice via facsimile and regular mail to

6 all parties within the 30-day period. Designated Material within the deposition transcript or the

7 exhibits thereto may be identified in writing or by underlining the relevant portions and marking

8 such portions CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY, consistent

9 with the terms of this Protective Order. Until the expiration of the [X]-day period, the deposition

10 transcript, including all exhibits thereto, shall be treated as ATTORNEYS AND CONSULTANTS

11 ONLY. After the expiration of the 30-day period, all undesignated portion(s) of the deposition

12 transcript and/or exhibits may be disclosed without restriction. The designated portions shall be

13 treated according to their designations pursuant to this Protective Order.

14 **H.** **Copies**

15   All complete or partial copies of Designated Materials shall also be deemed subject to the

16 terms of this Protective Order.

17 **I.** **Court Procedures**

18   1.  **Disclosure of Designated Material to Court Officials**. Subject to the provisions

19 of this Section, Designated Material may be disclosed to the Court, Court officials or employees

20 involved in this Action (including Court Reporters, and any Magistrate Judge, special master

21 and/or discovery master or referee appointed by the Court) and the jury in this Action, and any

22 interpreters or translators interpreting on behalf of any party or deponent. Designated Materials

23 may be disclosed to court officials as required by the applicable Local Rules and Standing Orders.

24   2.  **Filing Designated Materials with the Court:** Without written permission from

25 the Designating Party or a court order secured after appropriate notice to all interested persons, a

26 party may not file in the public record in this action any Designated Materials. A party that seeks

27 to file under seal any Designated Materials must comply with Civil Local Rule 79-5. Designated

28         -13-      Case No.:
              09-CV-4397 JL
         **PROTECTIVE ORDER**

1 Materials may only be filed under seal pursuant to a court order authorizing the sealing of the
2 specific Designated Materials at issue. Pursuant to Civil Local Rule 79-5, a sealing order will
3 issue only upon a request establishing that the Designated Materials at issue are privileged,
4 protectable as a trade secret, or otherwise entitled to protection under the law. If a party's request
5 to file Designated Materials under seal pursuant to Civil Local Rule 79-5(d) is denied by the court,
6 then the party may filed the Designated Materials in the public record pursuant to Civil Local Rule
7 79-5(e) unless otherwise instructed by the court.

8     3.    **Retrieval of Designated Materials:**  The party filing the Designated Materials
9 shall be responsible for retrieving such Designated Materials from the Court following the final
10 termination of this Action (including after any appeals) consistent with applicable laws and court
11 procedure.

12     4.    **Failure to File Under Seal:**  If any party fails to file Designated Materials under
13 seal, the Designating Party or any party to this Action may promptly file a motion to be heard on
14 an expedited basis to request that the Court place the Designated Materials under seal.

15     5.    **Use of Designated Materials in Open Court:**  The parties shall neither present
16 nor quote from any Designated Material in open court, unless the Court orders otherwise.
17 Presentation of, or quotations from, Designated Materials shall be heard by the Court under such
18 conditions as the Court may impose to prevent improper disclosure of Designated Materials. Not
19 less than 30 calendar days prior to the date set for trial, the parties shall meet and confer
20 concerning appropriate methods for dealing with Designated Material at trial.

21 J.    **Objections**

22     1.    A party may challenge the propriety of any designation under this Protective Order
23 at any time. A challenge may be made by serving by facsimile and by mail on all other parties
24 (and third parties, if applicable) a "Notice of Objection" that identifies with particularity the
25 Designated Materials as to which the designation is challenged and states the basis for each
26 challenge.

27 ///

28

1    2.    Fifteen (15) court days after service of a Notice of Objection in full compliance
2 with Section J.1 above, the challenged material shall be deemed de-designated or re-designated
3 unless the Designating Party has served by facsimile and mail delivery a response to the Notice of
4 Objection setting forth the legal and factual grounds upon which the Designating Party bases its
5 position that the materials should maintain the original designation or for designating the material
6 otherwise. After meeting and conferring, if a party challenging the designation is unconvinced, it
7 may file a motion (in compliance with Civil Local Rule 79-5, if applicable) to change the
8 designation no later than twenty (20) court days after service of the response to the Notice of
9 Objection. In the event of a motion to change the designation, the Designated Material at issue
10 may be submitted to the Court under seal prior to the first hearing or conference on the subject. It
11 shall be the burden of the Designating Party under such circumstances to establish that the
12 Designated Material is designated properly as CONFIDENTIAL or ATTORNEYS AND
13 CONSULTANTS ONLY within the meaning of this Protective Order. Upon the timely filing of
14 such a motion, the original designation shall remain effective until ten (10) court days after service
15 of notice of entry of an order re-designating the materials and during the pendency of any writ
16 petition filed within the ten (10) court day period. The Designating Party may also file a brief on
17 the matter in addition to the original response to the Notice of Objection.

18    3.    The parties shall meet and confer in good faith prior to the filing of any motion
19 under this Section. The parties must begin the process by conferring in voice-to-voice dialogue
20 within ten (10) court days of the date of service of the response to the Notice of Objection. In
21 conferring, the party challenging the designation must explain the basis for its belief that the
22 designation was not proper and must give the Designating Party an opportunity to review the
23 Designated Materials, to reconsider the circumstances, and, if no change in designation is offered,
24 to explain the basis for the chosen designation.

25 / / /

26 / / /

27

28

-15-
**PROTECTIVE ORDER**

Case No.:
09-CV-4397 JL

1 **K.** **Client Communication**

2    Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering
3 advice to their clients and, in the course of rendering such advice, relying upon the examination of
4 Designated Material. In rendering such advice and otherwise communicating with the client,
5 Outside Counsel shall comply with the terms of this Protective Order.

6 **L.** **No Prejudice**

7    1.    This Protective Order shall not diminish any existing obligation or right with
8 respect to Designated Materials, nor shall it prevent a disclosure to which the Designating Party
9 consents in writing before the disclosure takes place.

10    2.    Unless all parties stipulate otherwise, evidence of the existence or nonexistence of
11 a designation under this Protective Order, including any marking of "CONFIDENTIAL" or
12 "ATTORNEYS AND CONSULTANTS ONLY" shall not be admissible for any purpose during
13 any proceeding on the merits of this Action. Additionally, in the event that any Designated
14 Material is used in any hearings, trial, appeal or other proceeding in this Action, it shall not lose its
15 status of CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY material through
16 such use, even if it is provided to the jury with markings of "CONFIDENTIAL" or
17 "ATTORNEYS AND CONSULTANTS ONLY" redacted.

18    3.    If any party or third party required to produce documents inadvertently produces
19 what should be Designated Material without marking it with the appropriate legend, the producing
20 party may give written notice to the receiving party or parties, including appropriately stamped
21 copies of the Designated Material, that the document, thing, or response is deemed Designated
22 Material and should be treated as such in accordance with the provisions of this Protective Order.

23    4.    If any party receives information, materials and/or discovery responses, which it
24 reasonably believes was inadvertently produced without confidentiality markings, it shall
25 promptly advise the producing party by mail and facsimile. The producing party shall have 10
26 court days in which to mark said information, materials and/or discovery responses. During this
27 10 court day period, counsel for the receiving party shall treat said information, materials and/or

28

1  discovery responses as if they were designated ATTORNEYS AND CONSULTANTS ONLY.

2      5.      The restrictions as to the use or dissemination of information or materials, set forth
3  in any of the preceding paragraphs, shall not apply as to:

4          (a)      Any information which at the time of the designation under this Protective
5  Order is known or available to the general public;

6          (b)      Any information which after designation under this Protective Order
7  becomes known or to available to the general public through no act, or failure to act, attributable
8  to the receiving party or its counsel;

9          (c)      Any information which the receiving party, its counsel, or any recipient of
10 designated material under this Protective Order can show as a matter of written record was already
11 known to the receiving party through means other than any violation of law or of a confidentiality
12 or nondisclosure agreement; and

13         (d)      Any information a receiving party can demonstrate was developed by that
14 party independently of any disclosure hereunder.

15 If the parties cannot agree as to whether there is sufficient demonstration of the exceptions set out
16 in subsections (a) through (d) above and if a motion is not brought by the receiving party within
17 21 calendar days of it first raising the dispute, then the information will treated consistent with the
18 designation accorded it by the Designating Party.

19     6.      Production of Designated Materials pursuant to this Protective Order, and
20 inadvertent production of materials without the appropriate designation, shall not, by themselves,
21 be deemed a waiver in whole or in part of the producing party's claim of confidentiality or
22 secrecy, either to the specific information disclosed or as to any other information relating thereto
23 or on the same or related subject matter. However, failure to take prompt or appropriate action to
24 rectify any inadvertent production within a reasonable time after materials are produced without
25 designation may, in appropriate circumstances, result in a loss of confidentiality or secrecy.

26     7.      Entering into, agreeing to, and/or producing or receiving Designated Materials
27 under this Order, or otherwise complying with the terms of this Order shall not:

28

1    (a)    Operate as an admission that any particular information of material
2  Designated Material contains or reflects trade secrets, proprietary or commercially sensitive or
3  valuable information, or any other type of confidential information;

4    (b)    Operate as an admission that the restrictions and procedures set forth herein
5  constitute or do not constitute adequate protection for any particular Designated Material;

6    (c)    Prejudice in any way the right to object to the production of documents a
7  party does not consider to be subject to discovery;

8    (d)    Prejudice in any way the right to object to the authenticity or admissibility
9  into evidence of any document, testimony, or other evidence subject to this Order;

10    (e)    Prejudice in any way the right of any party or third party to petition the
11  Court for a further protective order relating to any purportedly confidential information;

12    8.    **Privileged Materials.**    This Protective Order is without prejudice to a party
13  asserting that any Designated Materials under this Protective Order or any document or thing
14  inadvertently produced is protected by the attorney-client privilege and/or protected by the
15  attorney work product doctrine or otherwise protected from discovery. Nothing in this Protective
16  Order shall preclude a party from challenging the propriety of the claim of privilege in accordance
17  with applicable law.

18  M.    **Modification, Termination and Survival**

19    1.    **Modification and Addition of Parties:**

20    (a)    All parties reserve the right to seek modification of this Protective Order at
21  any time for good cause. The parties agree to meet and confer prior to seeking to modify this
22  Protective Order for any reason. The restrictions imposed by this Protective Order may only be
23  modified or terminated by written stipulation of all parties or by order of Court.

24    (b)    Parties to this Action who are not listed herein, or who become parties to
25  this Action after the latest date of execution, may become parties to this Protective Order, and
26  thereby be bound by all the terms and conditions stated herein, by executing a written agreement
27  thereto, to be signed by all Outside Counsel for the parties, and which designates Outside Counsel

28

1  for the additional party.

2          (c)     This Protective Order shall remain in effect until superseded, modified, or
3  terminated by order of Court.  To the extent third parties to this Action designate materials under
4  this Protective Order, the protections of this Protective Order as to those Designated Materials
5  shall stay in full force and effect unless and until superseded, modified, or terminated by order of
6  Court upon 35 days notice to the affected third parties, or by the affected third parties' consent in
7  writing.

8          2.     **Survival and Return of Designated Material:**   This Protective Order shall
9  survive termination of this Action.  Upon final termination of this Action, including appeals and
10 retrials, and at the written request of the Designating Party, all Designated Material, including
11 deposition testimony regarding designated exhibits and all copies thereof, shall be returned to
12 Outside Counsel or the Designating Party.  Such Designated Materials shall either be returned at
13 the expense of the Designating Party or, at the option and expense of the Designating Party,
14 destroyed.  Upon request for the return or destruction of Designated Materials, Outside Counsel
15 for the receiving party shall certify their compliance with this provision and shall deliver such
16 certification to other Outside Counsel or the Designating Party not more than thirty (30) calendar
17 days after the written request to return or destroy Designated Materials.  Notwithstanding the
18 provisions for return or destruction of Designated Material, Outside Counsel may, subject to its
19 continuing obligations under this Protective Order, retain pleadings, attorney and Outside
20 Consultant work product, and deposition transcripts and exhibits containing Designated Material
21 as well as one copy of each item of Designated Material for archival purposes.

22 N.    **Production of Third Party Information as Designated Material in This Action;**
23        **Requests for Production of Designated Materials in Other Actions or Proceedings**

24        1.     Any party seeking production of information from a third party, through a
25 subpoena or otherwise, in this Action shall advise the third party of its ability to produce
26 responsive information as Designated Material that would be subject to this Protective Order.
27 Any third party may provide information designated CONFIDENTIAL INFORMATION or

28                                    -19-                        Case No.:
                             **PROTECTIVE ORDER**            09-CV-4397 JL

1  ATTORNEYS AND CONSULTANTS ONLY to the parties through either formal or informal
2  disclosure, including by being required by subpoena or court order, and receive the protections
3  provided by this Protective Order.  Designated third party information shall be given the same
4  rights, benefits, and protection under this Protective Order as information produced by the parties,
5  and shall have standing to enforce this Protective Order with respect to the disclosure, use and
6  recovery of that third party information.

7     2.     Where a discovery request or subpoena in this Action calls for otherwise
8  discoverable information that is subject to an obligation of nondisclosure to another person or
9  entity, it shall be the obligation of the party or third party subjected to the discovery request or
10  subpoena to:

11     (a)     identify to the party seeking the information the name and address of each
12  person or entity whose confidentiality interests are implicated by the discovery request or, if the
13  identity of such person or entity itself is confidential, the existence of confidentiality obligations to
14  such person or entity, and

15     (b)     promptly provide to such person or entity whose confidentiality interests
16  are implicated:

17          (1)     notice of such discovery request seeking disclosure of materials or
18  information held under obligations of confidentiality; and

19          (2)     a copy of this Protective Order.

20  The party or third party to whom the discovery request or subpoena has been directed shall be
21  responsible for determining whether the person or entity whose confidentiality interests are
22  implicated objects to the production of the otherwise discoverable information.  If the person or
23  entity whose confidentiality interests are implicated does not object in writing to Outside Counsel
24  for the requesting party within 15 court days after receiving notice of the discovery request and a
25  copy of this Protective Order, the party or third party to whom the discovery request has been
26  directed shall not be permitted to withhold discovery on the ground of confidentiality obligations
27  to such person or entity.  If an objection is made by such person or entity, there shall he no

28

-20-
**PROTECTIVE ORDER**

Case No.:
09-CV-4397 JL

1 | disclosure of the information to which the objection is made unless the objection is withdrawn by
2 | such person or entity or overruled by order of the Court pursuant to a motion by the requesting
3 | party requiring disclosure of the confidential information.  The parties and/or third party shall
4 | meet and confer in good faith to resolve any issues pertaining to deposition questions that call for
5 | otherwise discoverable information that is subject to an obligation of confidentiality owed to
6 | another.

7 |      3.     Where a discovery request or subpoena in any other action or proceeding is served
8 | on a party to this Action and it calls for Designated Materials of another Designating Party
9 | pursuant to this Protective Order, it shall be the obligation of the party subjected to the discovery
10 | request or subpoena to:

11 |      (a)     promptly provide to the party in the other action or proceeding seeking the
12 | information a copy of this Protective Order and the name and address of the Designating Party
13 | whose Designated Materials are implicated by the discovery request;

14 |      (b)     promptly provide to the Designating Party whose Designated Materials are
15 | implicated a copy of the discovery require or subpoena; and

16 |      (c)     Take reasonable steps to oppose the production of the Designated Material
17 | in the other action or proceeding and seek restrictions on use or disclosure similar to the terms of
18 | this Protective Order unless and until the Designating Party consents to the production or
19 | intervenes and directly opposes the production.

20 | O.     **Court's Retention of Jurisdiction**

21 |      The Court retains jurisdiction to (a) make such amendments, modifications, and additions
22 | to this Protective Order as it may from time to time deem appropriate, (b) enforce this Protective
23 | Order, and (c) determine whether any person or entity is in violation of this Protective Order.

24 | P.     **Authorization and Execution**

25 |      This Protective Order is executed by the parties, and by their counsels of record, who also
26 | sign on behalf of themselves and their respective law firms.  Each attorney executing this
27 | Protective Order on behalf of any party represents that the attorney has disclosed fully to the party

28 |

-21-
**PROTECTIVE ORDER**

Case No.:
09-CV-4397 JL

1  the terms of this Protective Order and is duly authorized by that attorney's client to execute this

2  Protective Order.

3  Q.      **Waiver of the Protections of The Protective Order**

4          No part of the restrictions imposed by this Protective Order may be waived by a

5  Designating Party, except by the written stipulation executed by Outside Counsel or the

6  Designating Party.

7  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8
9  Dated: 3/28/11                              Burke, Williams & Sorensen, LLP

10
                                              By:
11                                               ~~DOUGLAS W.~~ DAL CIELO
12                                               Attorneys for Plaintiff/Cross-Defendant
                                                 LYNDA JANES DANGERFIELD
13

14  Dated: March 28, 2011                       THE MORALES LAW FIRM

15

16                                            By: /S/ David P. Morales
                                                 DAVID P. MORALES
17                                               Attorneys for Defendants/Cross-
                                                 Complainant SUE FOX and ETIQUETTE
18                                               SURVIVIAL, LLC

19

20

21

22

23

24

25

26

27

28                                           -22-                    Case No.:
                                      **PROTECTIVE ORDER**          09-CV-4397 JL

1                         **ORDER**

2

      PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4   Dated: 3-29-11

5                                      UNITED STATES DISTRICT JUDGE

6

7                                   JAMES LARSON

                             U.S. MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25 "Model Protective Order © 2010 and licensed under the Creative Commons type license cc-by-sa-3.0 (attribution share-alike)

26 (http://creativecommons.org/licenses/by-sa/3.0/) by State Bar of California, IP Section, Trade Secrets Comm. (ipsection.org) - principal authors Jill Kopeikin, Paul Rice, & Matthew Neco, assisted by Daniel Kassabian, Joanna Mendoza, David Morales and Benjamin Scheibe.

27 This entire notice, with links, in quotes must always be reproduced as is in 8pt font or larger, on the final page of the stipulated Protective Order, or the page preceding the Court's signature line on an order."

28                                         Case No.:

                       -23-                  09-CV-4397 JL

              **PROTECTIVE ORDER**

## EXHIBIT A

**CERTIFICATION RE: MATERIAL COVERED BY PROTECTIVE ORDER**

I, the undersigned, hereby certify that I have read the Protective Order entered in the United States District Court, Northern District of California, in the case entitled *Lynda Janes Dangerfield v. Sue Fox, Etiquette Survival LLC, et al.*, Case No. 3:09-CV-4397 JL.

I understand the terms of the Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court, Northern District of California, with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not disclose Designated Materials to anyone other than persons specifically authorized by the Protective Order, and I agree to return to counsel from whom I received such materials all such materials that come into my possession and confirm it in writing under penalty of perjury.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual:

Company or Firm:

Address:

Telephone No.:

Relationship to this Action and parties:

Date

Signature

---

**EXHIBIT A**
**PROTECTIVE ORDER**

Case No.:
09-CV-4397 JL

1                                                  **EXHIBIT B**

2

3                                **CERTIFICATION OF CONSULTANT**

4

5       I, the undersigned, hereby certify that I have read the Protective Order entered in the

6 United States District Court, Northern District of California, in the case entitled *Lynda Janes*

7 *Dangerfield v. Sue Fox, Etiquette Survival LLC, et al.*, Case No. 3:09-CV-4397 JL.

8       I certify that I am not employed or consulted by or affiliated or contracted with a

9 competitor of any person or entity currently a party (as of the time of the execution of this

10 Certification) to this Action. If at any time after I execute this Consultant Certification and during

11 the pendency of this Action I become engaged in business as or with a competitor of any person or

12 entity currently a party to this Action, I will promptly inform the counsel for the party who

13 retained me in this Action, and I will not thereafter review any Designated Materials unless and

14 until the Court in this Action orders otherwise.

15       I declare under penalty of perjury that the foregoing is true and correct.

16

17       Name of Individual:

18       Company or Firm:

19       Address:

20       Telephone No.:

21       Date:

22       Signature:

23

24

25

26

27 _____

28                             **EXHIBIT B**         Case No.:
                              **PROTECTIVE ORDER**    09-CV-4397 JL